IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW BRYCE OWENS                                               PLAINTIFF

v.                          Civil No. 6:26-cv-06047-SOH-MEF

OFFICER COMBS, Hot Springs Police Department;
OFFICER STOCKWELL, Hot Springs Department               DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Andrew Byce Owens filed this action alleging violations of his civil rights under 42 U.S.C. § 1983.   Plaintiff is a pretrial detainee at the Garland County Detention Center and proceeds *pro se* and *in forma pauperis*.   (ECF Nos. 4, 9).   Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.   Under Section 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).

### I.      BACKGROUND

Plaintiff filed his Complaint against Defendant Officer Combs and Defendant Officer Stockwell on April 21, 2026.   (ECF No. 1).   Because his only allegation against Defendant Stockwell was unintelligible,[1] the Court ordered Plaintiff to file an amended complaint and gave explicit instructions on what it must contain.   (ECF No. 7).

Plaintiff's First Amended Complaint is now before the Court.   (ECF No. 9).   Plaintiff alleges that on March 4, 2026, during his arrest, Defendant Officer Combs verbally threatened to

---

[1] Plaintiff's only allegation against Defendant Officer Stockwell was "[he] just [sic] [sic] helped." (ECF No.1 at p.4.)

hit him in the face before repeatedly doing so in the head and face, causing a medical seizure, and chipping his tooth at the side of his head. (*Id.* at pp. 4–5). Plaintiff makes no allegations against Officer Stockwell. *Id.*

Plaintiff proceeds against Defendants in their individual capacity alone. (*Id*. at p. 5). He seeks compensatory, punitive and other damages. (*Id*. at p. 9). Plaintiff demands that his hospital bills are paid, that he receive compensation for his suffering and "public humiliation [of Defendants]", and for all pending charges against him to be dropped. (*Id.* at p. 9).

## II.    LEGAL STANDARD

Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293–94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"

*Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."   *Jackson*, 747 F.3d at 544 (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).   The complaint must, however, still allege specific facts sufficient to support a claim.   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).   For the purposes of determining whether Plaintiff has sufficiently pled a claim to survive initial review under § 1915, the Court will assume that the named Defendants were acting under color of state law when the alleged wrongful conduct occurred.

Plaintiff makes a claim in his First Amended Complaint for excessive force under the Fourth Amendment.   (ECF No. 9 p. 4).   In order "'[t]o establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances.'"   *Johnson v. Carroll*, 658 F.3d 819, 825 (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009)). The circumstances considered by the Court may include "'the severity of the crime at issue,

whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether [the suspect was] actively resisting arrest or attempting to evade arrest by flight.'"  *Id.* (quoting *Graham v. Connor*, 490 U.S. 396, 396 (1989).  The Court "may also evaluate the extent of the [plaintiff's] injuries."  *Id.* (quoting *Rohrbough v. Hall*, 586 F.3d 582, 586 (8th Cir. 2009)).  Here, the Plaintiff's pleading is devoid of all factual allegations of the circumstances surrounding Defendant Comb's alleged wrongful conduct.  (ECF No. 9 at pp. 4–5).  However, his allegation that Defendant Combs' use of force caused both a medical seizure and a chipped tooth, is sufficient to allege a violation of his Fourth Amendment right to be free from the use of excessive force.

Although Plaintiff also names Officer Stockwell as a Defendant in his First Amended Complaint, he makes no factual allegations of him.  *See* ECF No. 9 at pp. 4–5.  Because Plaintiff fails to state any claim on which relief may be granted against Officer Stockwell, he must be dismissed.

## IV.    CONCLUSION

For the reasons stated above, it is RECOMMENDED that: (1) Plaintiff's individual capacity claim of excessive force against Defendant Officer Combs proceed, and (2) Plaintiff's claim against Defendant Stockwell be **DISMISSED WITHOUT PREJUDICE**.

*Referral Status*: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

      **DATED** this 10th day of June 2026.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE
